| | |
|---|---|
| 1 | Gary R. Selvin, State Bar No. 112030 |
| 2 | David A. Evans, State Bar No. 181854 |
|   | SELVIN WRAITH HALMAN LLP |
| 3 | 505 14th Street, Suite 1200 |
|   | Oakland, CA 94612 |
| 4 | Telephone:  (510) 874-1811 |
|   | Facsimile:   (510) 465-8976 |
| 5 | E-mail: gselvin@selvinwraith.com |
| 6 |         devans@selvinwraith.com |
| 7 | Attorneys for Plaintiff |
|   | HOUSTON CASUALTY COMPANY |

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUSTON CASUALTY COMPANY, | CASE NO. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| v. | |
| VAN DAELE DEVELOPMENT CORPORATION; DEERLAKE 53, LLC; VAN DAELE HOMES, INC.; FIDELITY NATIONAL TITLE; and RAJENDRAPAL SHIKH, | |
| Defendants. | |

Plaintiff Houston Casualty Company for its Complaint for Declaratory Relief against Defendants Van Daele Development Corporation; Deerlake 53, LLC; Van Daele Homes, Inc.; Fidelity National Title; and Rajendrapal Shikh, states:

## I. INTRODUCTION

1. Plaintiff Houston Casualty Company ("HCC") seeks a judicial declaration that it does not owe a duty to defend or indemnify Defendants Van Daele Development Corporation, Deerlake 53, LLC or Van Daele Homes, Inc. (collectively, "the Van Daele Defendants") or Fidelity National Title ("Fidelity"), with respect to the underlying construction defect claim asserted by Defendant Rajendrapal Shikh in pre-litigation Notice of Claim letters and a Counterclaim in arbitration proceedings ("the Shikh Claim").  HCC issued to Van Daele a commercial general liability insurance policy in effect from November 1, 2018 to November 1, 2022.  ("the HCC Policy").

2. The HCC Policy provides no coverage for the claims asserted against the Van Daele Defendants or Fidelity in the Shikh Claim Action arising from the Van Daele Defendants' construction of a single-family home purchased by Mr. Shikh ("the Subject Property") because the claims are excluded by terms, conditions and exclusions contained within the HCC Policy.

3. The Van Daele Defendants seek defense and indemnity from HCC for the Shikh Claim.  The amount in claims and damages sought in the Shikh Claim is well in excess of $75,000.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §1332, as the amount in controversy exceeds $75,000, and the parties are citizens of different states, and an actual justiciable controversy exists between Plaintiff and Defendants within the meaning of 28 U.S.C. §2201 regarding the scope and extent of insurance coverage provided under the HCC Policy issued to the Van Daele Defendants.

/ / /

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) as the events and contracts giving rise to the claims occurred in this district and the Defendants are subject to personal jurisdiction in this district.

## III. PARTIES

6. Plaintiff Houston Casualty Company ("Plaintiff" or "HCC") is a corporation incorporated under the laws of the State of Texas with its principal place of business in Houston, Texas, and is now, and was all relevant times herein mentioned, authorized to transact insurance business as an insurer in the State of California.

7. Defendant Van Daele Development Corporation was at all times herein mentioned a California corporation with a principal place of business in Riverside, California.

8. Defendant Deerlake 53, LLC was at all times herein mentioned a California limited liability company with a principal place of business in Riverside, California.

9. Defendant Van Daele Homes, Inc. was at all times herein mentioned a California corporation with a principal place of business in Riverside, California.

10. Defendant Fidelity National Title was at all times herein mentioned a California Corporation with a principal place of business in Los Angeles, California.

11. Rajendrapal Shikh is an individual residing in and a citizen of the State of Georgia, and the claimant in the Shikh Claim.

12. Rajendrapal Shikh is a necessary party to this action because he has made claims against the Van Daele Defendants in the Shikh Claim arising from construction work performed by Van Daele Defendants at the Subject Property, and Mr. Shikh is a potential judgment creditor of HCC's insureds arising out of the Shikh Claim.

13. Rajendrapal Shikh is named as a defendant to this lawsuit to enable HCC to obtain a binding adjudication of HCC's rights, duties, and obligations under the commercial general liability policy issued by HCC to the Van Daele Defendants with

respect to any sums that may be awarded to Mr. Shikh on his Counterclaim in the underlying Arbitration proceedings, and to bind all interested parties to this judgment.

## IV. THE HOUSTON CASUALTY COMPANY POLICY

14. HCC issued a commercial general liability insurance policy to Van Daele Construction Corp. under policy No. H18PC31048-00, in effect from November 1, 2018 to November 1, 2022 ("the HCC Policy"). A true and correct copy of the HCC Policy is attached hereto as Exhibit A.

15. The Named Insured endorsement (form HPC 040 05 07 11) of the HCC Policy identifies Deerlake 53, LLC as a Named Insured.

16. The HCC Policy contains a Wrap-up Program Change Endorsement – Close of Escrow Trigger (form HPC 040 40 12 17), which modifies insuring provisions, adds exclusions and definitions, and identifies project names, sites and descriptions to which the HCC Policy applies.

17. The HCC Policy states in the Insuring Agreement for COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY:

>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. …
>
>    b. This insurance applies to "bodily injury" and "property damage" only if:
>
>       **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place at the "Designated Project Site";
>
>       **(2)** The "bodily injury" or "property damage" occurs during the policy period, except for "bodily injury" or "property damage" included in the "products-completed operations hazard". For "bodily injury" or "property damage" included in the "products-completed operations hazard" the "bodily injury" or "property damage" occurs during the policy period or

within the "extended products-completed operations period";…

18. The HCC Policy states in SECTION II – WHO IS AN INSURED:

   **1.** If you are designated in the Declarations as:

       **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

19. The HCC Policy provides the following pertinent exclusion:

   This insurance does not apply to:

   …

   **i.** "Property Damage" to the "Designated Project Site". However, this exclusion does not apply to "property damage" included within the "products-completed operations hazard."

20. SECTION V – DEFINITIONS of the HCC Policy states, in relevant part:

   13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

   …

   16. "Products-completed operations hazard":

       a. Includes all "bodily injury" and "property damage" occurring at the "designated project site" and arising out of "your product" or "your work" except:

           (1) Products that are still in your physical possession; or

           (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed when you "close escrow" on the dwelling unit you construct during the term of the policy.

   17. "Property damage" means:

       a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

       b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

          For the purposes of this insurance, electronic data is not tangible property.

          As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

          …

22.   "Your work":

    a.   Means:

        (1)   Work or operations performed by you or on your behalf; and

        (2)   Materials, parts or equipment furnished in connection with such work or operations.

    b.   Includes:

        (1)   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

        (2)   The providing of or failure to provide warnings or instructions.

21.   The HCC Policy defines "Designated Project Site" to mean:

The project boundaries described in the schedule above and in any other exhibits or amendments in the schedule above and in any other exhibits or amendments to the policy which illustrate the boundaries of the project site. "Designated Project Site" also includes construction activity performed by any named insured or "enrolled contractors" outside of the boundaries of the "Designated Project Site" which are directly related to and necessary for the construction of the project scheduled in the Project Description above. The "Designated Project Site" does not include any owned, leased or rented locations of any named insured or "enrolled contractor" outside the boundaries of the "Designated Project Site" unless listed as an Additional Scheduled Location(s) in the schedule above.

///

22. The HCC Policy defines "Close Escrow" to mean:

> the date, during the policy period, on which the escrow process for a dwelling unit at the "designated project" is closed and the escrow officer, or neutral third party, has delivered the deed to the grantee or oblige in accordance with the escrow contract. There is no coverage under the "products-completed operations hazard" for any dwelling unit which does not complete the escrow process during the policy period.

23. The Schedule of the Wrap-Up Program Change Endorsement – Close of Escrow Trigger provides that the "Designated Project Site" includes "3. Tract 53138-03, Chatsworth, CA," for which the Project Description is "3. Ground-up construction of 53 single-family homes, two stories, wood frame construction."

## V. THE SHIKH CLAIM

24. On July 26, 2021, Rajendrapal Shikh purchased a home located at 21165 Canyon View Place, Lot 0020 of tract number 53138-03 ("the Subject Property").

25. On September 27, 2022, Mr. Shikh issued a written Notice of Claims to Van Daele Construction Corp., Deerlake 53, LLC and Fidelity National Title identifying a variety of issues in dispute concerning the construction and sale of the Subject Property. A true and correct copy of the September 27, 2022 Notice of Claims is attached hereto as Exhibit B.

26. The September 27, 2022 Notice of Claims included assertions that old, rotten and moldy wood was used for framing, the concrete floor slab was uneven and exhibited cracks, and backyard retaining wall and fence was constructed in an incorrect location.

27. On October 7, 2022, Mr. Shikh issued a second written Notice of Claims to Van Daele Construction Corp., Deerlake 53, LLC and Fidelity National Title, reiterating the prior claims and adding allegations that the water meter was installed in an incorrect location, the floors made noise, windows did not operate properly, and

1 screens had separated from windows. A true and correct copy of the October 7, 2022 Notice of Claims is attached hereto as Exhibit C.

28. The Notices of Claims also asserted allegations that Van Daele fraudulently attempted to close escrow without resolving Mr. Shikh's stated concerns about construction deficiencies.

29. The Shikh Claim asserts the Subject Property must be demolished and rebuilt and seeks additional compensatory damages, in an amount in excess of $3.5 million. The Shikh Claim also seeks punitive damages.

30. The Van Daele Defendants tendered the Shikh Claim to HCC through attorney Joseph Oliva by correspondence dated November 3, 2022. A true and correct copy of Mr. Oliva's November 3, 2022 letter attached hereto as Exhibit D.

31. In the letter by which the Van Daele Defendants tendered the Shikh Claim to HCC, Mr. Oliva acknowledged that Mr. Shikh had not closed escrow on the Subject Property.

32. On November 17, 2020, Deerlake 53, LLC, Van Daele Development Corporation and Van Daele Homes, Inc. filed a Demand for Arbitration with JAMS Arbitration, Reference No. 5220002084. A true and correct copy of Van Daele's Demand for Arbitration is attached hereto as Exhibit E.

33. Van Daele's Demand for Arbitration states that as the date of filing of the Demand for Arbitration, the parties had not closed escrow on the purchase of the Subject Property. See Demand for Arbitration, ¶ 9.

34. On December 1, 2022, Mr. Shikh filed an Answer to Demand for Arbitration and Counterclaim ("Counterclaim"). A true and correct copy of the Shikh Counterclaim is attached hereto as Exhibit F.

35. The Counterclaim states, "[a]s of the date of the filing of this answer to demand for arbitration and counterclaim, the parties have not closed escrow." See Counterclaim, p. 4.

## FIRST CAUSE OF ACTION
**(Declaratory Judgment - Duty to Defend)**

36. HCC incorporates the allegations within paragraphs 1 through 35 of this complaint as though they were fully set forth herein.

37. An actual controversy exists between HCC, on the one hand, and Defendants, on the other hand. Plaintiff HCC contends that pursuant to the terms and conditions of the HCC Policy, it has no obligation to defend the Van Daele Defendants or Fidelity in the Shikh Claim under the HCC Policy.

38. HCC contends there is no coverage for the claims asserted against and damages sought from the Van Daele Defendants in the Shikh Claim under the HCC Policy for multiple reasons:

    a. The HCC Policy excludes coverage for "property damage" to the "Designated Project Site," which is the location of the Subject Property;

    b. The "products-completed operations hazard" exception to the "property damage" does not apply, because Defendants' work did not fall within the "products-completed operations hazard" because escrow had not closed on the Subject Property within the policy period;

    c. The HCC Policy does not apply to purely economic loss;

    d. The HCC Policy does not apply to fraud or misrepresentation;

    e. The HCC Policy does not apply to claims against Fidelity, which is not an insured under the HCC Policy.

39. A declaratory judgment is necessary in that Plaintiff HCC is informed and believes and on that basis alleges that Defendants dispute HCC's contentions and instead contend that HCC has an obligation to defend the Van Daele Defendants in the Shikh Claim under the HCC Policy.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
**(Declaratory Judgment - Duty to Indemnify)**

40. HCC incorporates the allegations within paragraphs 1 through 39 of this complaint as though they were fully set forth herein.

41. An actual controversy exists between HCC, on the one hand, and Defendants, on the other hand. Plaintiff HCC contends that pursuant to the terms and conditions of the HCC Policy, it has no obligation to indemnify the Van Daele Defendants or Fidelity in the Shikh Claim under the HCC Policy.

42. HCC contends there is no coverage for the claims asserted against and damages sought from the Van Daele Defendants in the Shikh Claim under the HCC Policy for multiple reasons:

    a. The HCC Policy excludes coverage for "property damage" to the "Designated Project Site," which is the location of the Subject Property;

    b. The "products-completed operations hazard" exception to the "property damage" does not apply, because Defendants' work did not fall within the "products-completed operations hazard" because escrow had not closed on the Subject Property within the policy period;

    c. The HCC Policy does not apply to purely economic loss;

    d. The HCC Policy does not apply to fraud or misrepresentation;

    e. The HCC Policy does not apply to claims against Fidelity, which is not an insured under the HCC Policy.

43. A declaratory judgment is necessary in that Plaintiff HCC is informed and believes and on that basis alleges that Defendants dispute HCC's contentions and instead contend that HCC has an obligation to indemnify the Van Daele Defendants in

the Shikh Claim under the HCC Policy, and/or indemnify a judgment that may be obtained by the Shikh against the Van Daele Defendants and/or Fidelity in the Shikh Claim.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## PRAYER

WHEREFORE, Plaintiff Houston Casualty Company prays for judgment against Defendants, and each of them, as follows:

1. That this court issue a judicial declaration of the rights, duties, and obligations of the parties under Plaintiff HCC's Policy to Van Daele Construction Corp., Deerlake 53, LLC and Van Daele Homes, Inc. that Plaintiff HCC has and had no duty to defend Van Daele Construction Corp., Deerlake 53, LLC, Van Daele Homes, Inc. or Fidelity in the Shikh Claim under the HCC Policy;

2. That this court issue a judicial declaration of the rights, duties, and obligations of the parties under Plaintiff HCC's Policy to Van Daele Construction Corp., Deerlake 53, LLC and Van Daele Homes, Inc., that Plaintiff HCC has no duty to indemnify Van Daele Construction Corp., Deerlake 53, LLC, Van Daele Homes, Inc. or Fidelity in the Shikh Claim;

3. That the court award Plaintiff its costs of suit; and

4. That the court award such other and further relief as it deems just and proper.

Dated: January 10, 2023          SELVIN WRAITH HALMAN LLP

By: _____
Gary R. Selvin
David A. Evans
Attorneys for Plaintiff
HOUSTON CASUALTY COMPANY

431766.docx